**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CR-165 RLW |
| | ) | |
| ALLEN L. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the Court on Defendant Allen L. Robinson's Motion to Dismiss the Indictment and Memorandum in Support (ECF No. 30). The motion asks the Court to dismiss the indictment in this case on the grounds that 18 U.S.C. § 922(g)(8) is unconstitutional both facially and as applied to him. The motion is procedurally improper and will be denied without prejudice.

Defendant was indicted by a federal grand jury in this District on March 23, 2022, on one count of knowing possession of a firearm while under an order of protection in violation of 18 U.S.C. § 922(g)(8). Defendant entered a plea of not guilty and the Court set August 11, 2022 as the deadline for filing pretrial motions or a motion waiver. <u>See</u> Order Concerning Pretrial Motions (ECF No. 12). The deadline was later extended to September 27, 2022, on Defendant's motion (ECF No. 19). Defendant filed a waiver of his right to file pretrial motions on December 2, 2022 (ECF No. 24). The case is set for jury trial on February 13, 2023, and it is the second trial setting.

Defendant cannot file a pretrial motion outside of the deadline established by the Court's scheduling order without leave of Court. Any motion for leave must set forth facts to establish an adequate showing of good cause for the Court to grant such relief. <u>See</u> Rule 12(c)(3), Fed. R. Crim. P.; <u>United States v. Blanks</u>, 985 F.3d 1070, 2072 (8th Cir. 2021). Good cause for purposes of Rule 12(c)(3) "requires a showing of cause and prejudice." <u>United States v. Reichel</u>, 911 F.3d 910, 916

(8th Cir. 2018); <u>accord</u> <u>United States v. Fogg</u>, 922 F.3d 389, 391 (8th Cir. 2019); <u>United States v. Fry</u>, 792 F.3d 884, 888-89 (8th Cir. 2015).

      In addition, Defendant's Motion to Dismiss violates the Local Rules because it is thirty-five pages long and was filed without leave of Court, and combines a motion and memorandum into one document. Under Local Rule 4.01(D), no party shall file any motion, memorandum, or brief in excess of fifteen pages without prior leave of Court. And the "moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." E.D. Mo. L.R. 4.01(A). Finally, when a document requires leave of Court to be filed, it must be submitted as an attachment to the motion for leave. <u>See</u> CM/ECF Procedures Manual, § II.B.

      Accordingly,

      **IT IS HEREBY ORDERED** that Defendant Allen L. Robinson's Motion to Dismiss the Indictment and Memorandum in Support (ECF No. 30) is **DENIED** without prejudice.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>18th</u> day of January, 2023.