# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-CR-165 RLW |
| ALLEN ROBINSON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Allen Robinson's Motion to Dismiss the Indictment (ECF No. 38). All pretrial motions were referred to United States Magistrate Judge John M. Bodenhausen. For the following reasons, the Court will adopt the Magistrate Judge's Report and Recommendation, deny Defendant's facial challenge to 18 U.S.C. § 922(g)(8), and deny without prejudice Defendant's as-applied challenge to the statute.

**Background**

Defendant Robinson was indicted by a federal grand jury in this District on March 23, 2022, charged with one count of knowingly possessing a firearm knowing that he was subject to an order of protection, in violation of 18 U.S.C. § 922(g)(8). In December 2022, Robinson filed a notice stating there were no issues he wished to raise by pretrial motion, and the Court set the case set for trial. (ECF Nos. 24, 25.) Robinson filed a motion to dismiss on January 18, 2023, which the Court denied without prejudice. (ECF Nos. 30, 31.) Robinson subsequently filed a motion to reopen pretrial motions, which the Court granted and referred pretrial matters back to Judge Bodenhausen.

Judge Bodenhausen held a status hearing on January 27, 2023, and directed Robinson to file any further motions by January 30, 2023. Robinson filed the instant Motion to Dismiss on January 30, 2023. The Government filed its response on February 10, 2023. Judge Bodenhausen held oral argument on the Motion to Dismiss on March 6, 2023, and determined that Defendant's motion could be resolved on the record. Judge Bodenhausen issued a Report and Recommendation of United States Magistrate Judge, making detailed findings of fact and conclusions of law. He recommended that the motion be denied as to Defendant's facial challenge and denied without prejudice as to the as-applied challenge.. Defendant filed timely objections and the Government filed a response thereto.

**Legal Standard**

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See United States v. Lothridge, 324 F.3d 599, 600 (8th Cir .2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the entire Report and Recommendation. The Court has carefully and independently reviewed the full record including by reading the briefing on Defendant's Motion to Dismiss, listening to the recording of the oral argument before Judge Bodenhausen, and reviewing Defendant's Objection and the Government's Response. Further, the Court has independently researched the controlling law.

**Discussion**

Defendant is charged with violating 18 U.S.C. § 922(g)(8), which states:

(g) It shall be unlawful for any person—
. . .
    (8) who is subject to a court order that—

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
>   (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; [ ]
>
> . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(8).

Defendant was the Respondent to a Full Order of Protection ("Order of Protection") issued by a judge in the 23rd Judicial Circuit, Jefferson County, Missouri, on December 13, 2021, effective until December 12, 2022. (See ECF No. 45-1.) The Order of Protection replaced and superseded an Ex Parte (Temporary) Order of Protection entered June 2, 2021. The Order of Protection includes findings that the Respondent and the Petitioner were in a romantic or intimate social relationship, the Respondent "represents a credible threat to the safety of the Petitioner" (id. at 1), and "poses a serious danger to the physical or mental health of Petitioner or of a minor household member of Petitioner," and that the court considered "all relevant evidence." (Id. at 2.) The Order of Protection has a detailed no-contact provision, including a requirement that "Respondent **shall not** use, attempt to use, or threaten to use physical force against Petitioner that would reasonably cause bodily injury." (Id. at 2) (emphasis in original).

The Order of Protection includes a "FIREARMS" section that states:

3

The court finds that:

> a. as a result of a hearing at which Respondent received notice and had an opportunity to participate; and,
> b. Respondent is a spouse, former spouse, is or was cohabitating, or has a child in common with Petitioner; and,
> c. Respondent is a credible threat to the physical safety, or is explicitly prohibited within this Order from the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury against petitioner; and,
> d. Respondent is restricted from harassing, stalking or threatening Petitioner, the child they have in common or a child of Petitioner's partner, or from engaging in any conduct that would place Petitioner in reasonable fear of bodily injury to him or her self, the child in common, or child of Petitioner's partner.
>
> **THEREFORE, FEDERAL LAW PROHIBITS RESPONDENT FROM POSSESSING, SHIPPING, TRANSPORTING AND/OR RECEIVING ANY FIREARM FOR THE DURATION OF THIS JUDGMENT [SEE 18 U.S.C. SECTION 922(G)(8)].**

(ECF No. 45-1 at 4) (emphasis in original).

Defendant's Motion to Dismiss asserts that 18 U.S.C. § 922(g) is unconstitutional because it violates the Second Amendment facially and as applied to him, under the Supreme Court's decision in New York State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022). Defendant contends that "Bruen subjects all firearm regulations to a simple but demanding test. If 'the Second Amendment's plain text covers an individual's conduct,' then 'the Constitution presumptively protects that conduct.' [Id.] at 2126." (ECF No. 39 at 1.) He further contends "[t]he government can rebut that presumption only by showing that the challenged law 'is consistent with the Nation's historical tradition of firearm regulation.' Id. at 2130." (ECF No. 39 at 1-2.)

Defendant summarizes his argument as follows:

> The government charges that Mr. Robinson possessed a firearm while subject to an order of protection. See Doc. No. 1 (Indictment). The text of the Second Amendment unambiguously protects Mr. Robinson's possession of a firearm. The restriction that § 922(g)(8) imposes on this conduct was unknown at the time of the founding and for more than two centuries thereafter. Section

4

> 922(g)(8) addresses no modern problem that the founders did not also face, yet for centuries the federal and various state governments refused to impose anything resembling its sweeping prohibition. That is fatal under Bruen. Because § 922(g)(8) restricts protected conduct in a way that has no historical parallel, it is unconstitutional both on its face and as-applied to Mr. Robinson.

(ECF No. 39 at 2.)

Judge Bodenhausen carefully considered the parties' arguments. With respect to Defendant's facial challenge to the statute, the Magistrate Judge rigorously analyzed the Eighth Circuit's decision in United States v. Bena, 664 F.3d 1180 (8th Cir. 2011), which upheld 18 U.S.C. § 922(g)(8) against a facial Second Amendment challenge. Judge Bodenhausen concluded that Bena was not implicitly overruled by Bruen and remains binding on this Court. Consequently, he recommended that Defendant's Motion to Dismiss be denied to the extent it raises a facial challenge to the statute.

With respect to Defendant's as-applied challenge, the Magistrate Judge first observed that Defendant contends the distinction between as-applied and facial challenges no longer exists in the Second Amendment context following Bruen. (See ECF No. 39 at 33.) At oral argument defense counsel asserted there is no distinction between facial and as-applied challenges to the statute post-Bruen, and reiterated that Defendant is not making an as-applied challenge. Despite this, Defendant's Memorandum offers facts in support of an as-applied challenge, including that he has no prior violent convictions, was not present at the hearing on the Order of Protection though he acknowledges the government alleges he received notice, the Government's theory of the case does not involve him using a firearm to threaten an intimate partner, the Order of Protection has expired, and the time he has spent in pretrial detention already exceeds the sentence a defendant could expect for a domestic incident once incarceration became a common option in the nineteenth century. (Id. at 34-35.)

5

Given these arguments, and the lack of evidence in the record to establish that the Order of Protection is legitimate and that Defendant was aware of it at the time he possessed the firearm, the Magistrate Judge concluded that fact issues remain which preclude a pretrial determination whether § 922(g)(8) might be unconstitutional as applied to Defendant's specific circumstances. He recommended that this Court deny Defendant's as-applied challenge without prejudice to being raised again at an appropriate time, e.g., in a motion for judgment of acquittal under Rule 29, Fed R. Crim. P.

In his Objections, Defendant first assets that the Magistrate Judge erroneously concluded <u>Bena</u> continues to bind this Court following <u>Bruen</u>. In support, Defendant argues that <u>Bena</u> "relied on now-forbidden means-ends scrutiny, even if that's not what it said it was doing," (ECF No. 39 at 2-7), and "does not reflect the type of historical analysis that <u>Bruen</u> requires." (<u>Id.</u> at 7-8.) Defendant asserts that because <u>Bena</u> does not control, the Court should reach the substance of his arguments: (1) the Second Amendment applies to the conduct that § 922(g)(8) prohibits; and (2) the government cannot rebut § 922(g)(8)'s presumptive unconstitutionality. (ECF No. 39 at 8-10.)

Second, Defendant argues the Magistrate Judge erroneously concluded that his as-applied challenge is premature. Defendant asserts that "if the Court holds that § 922(g)(8) is facially constitutional, it can and should rule on [his] as-applied challenge now without waiting for trial." (<u>Id.</u> at 10.) Defendant continues to "maintain[] that there is no practical difference between" facial and as-applied challenges "when it comes to the Second Amendment," but contends the Magistrate Judge erred in concluded further factual development was needed to decide an as-applied challenge. In support, Defendant states only that "the Court will find everything it

6

needs to know in the meager historical record the government has complied" to resolve the challenge. (Id. at 11.)

### A. The Eighth Circuit's Bena Decision is Binding on this Court

With respect to Defendant's first objection, Judge Bodenhausen thoroughly analyzed the effect of Bruen on the Eighth Circuit's Bena decision. The Court agrees with the Magistrate Judge that Bena was not implicitly overruled by Bruen, and remains binding in this Circuit.

The Magistrate Judge's careful analysis is bolstered by the Eighth Circuit's recent decision in United States v. Sitladeen, 64 F.4th 978 (8th Cir. 2023). In Sitladeen, the Eighth Circuit rejected a Second Amendment challenge to the constitutionality of 18 U.S.C. § 922(g)(5), which prohibits any alien who is unlawfully present in the United States from possessing a firearm. Defendant Sitladeen challenged the continued validity, post-Bruen, of United States v. Flores, 633 F.3d 1022 (8th Cir. 2011), which held that the Second Amendment's protections do not apply to illegally present aliens. In Sitladeen, the Eighth Circuit held that Flores remains good law after Bruen because, consistent with the first inquiry under Bruen's analysis, Flores held the conduct at issue was not protected by the plain text of the Second Amendment. Sitladeen, 64 F.4th at 985. In both cases, the Eighth Circuit rejected a facial constitutional challenge to § 922(g)(5) without the need to reach Bruen's second inquiry of whether the statute "fits within American's historical tradition of firearm regulation." Id.

The Eighth Circuit's analysis of Bruen in Sitladeen is highly instructive of how it might approach a Second Amendment challenge to § 922(g)(8), and of Bena's continued validity. The Eighth Circuit began its discussion in Sitladeen by explaining that "Bruen does not address the meaning of 'the people,' much less the constitutionality of criminal firearm statutes like

7

§ 922(g)(5)(A)," but it does "clarify how a court must assess a Second Amendment challenge in general:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

Sitladeen, 64 F.4th at 984 (quoting Bruen, 142 S. Ct. at 2126) (internal quotation marks omitted).

The Eighth Circuit noted that Bruen "repudiates the sort of means-end scrutiny employed by our sister circuits[.]" Sitladeen, 64 F.4th at 984. Instead, after Bruen, "a court must begin by asking whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment." Id. at 985 (citing Bruen, 142 S. Ct. at 2126). "If the regulation does govern such conduct, the court will uphold it so long as the government can 'identify an American tradition justifying' the regulation." Id. (citing Bruen, 142 S. Ct. at 2138). "For the government to make this showing, it need not point to a 'historical twin,' but only an analogous, i.e., 'relevantly similar,' historical regulation that imposed 'a comparable burden on the right of armed self-defense' and that was 'comparably justified.'" Id. (citing Bruen, 142 S. Ct. at 2132-33).

The Eighth Circuit reasoned that to assess Sitladeen's facial challenge, "we must first ask whether § 922(g)(5)(A) governs conduct that falls within the plain text of the Second Amendment. Only if the answer is yes do we proceed to ask whether § 922(g)(5)(A) fits within America's historical tradition of firearm regulation. In our view, Flores already answers the first question, and its answer is no." Sitladeen, 64 F.4th at 985 (citing Bruen, 142 S. Ct. at 2126).

8

The Eighth Circuit's discussion of Bruen's two-part approach to Second Amendment challenges illustrates why Defendant's arguments in the present case fail. Defendant asks the Court to consider only "conduct" in isolation and assume he is part of "the people," bypassing the first inquiry. But this is not what Bruen requires:

> Bruen does not command us to consider only "conduct" in isolation and simply assume that a regulated person is part of "the people." To the contrary, Bruen tells us to begin with a threshold question: whether the person's conduct is "covered by" the Second Amendment's "plain text." See 142 S. Ct. at 2129-30. And in Flores, we did exactly that when we determined that the plain text of the Amendment does not cover *any* conduct by unlawfully present aliens. See 663 F.3d at 1023.

Sitladeen, 64 F.4th at 987.

The Eighth Circuit said "it is unmistakable that our holding in Flores is about the plain text of the Second Amendment—about what is meant by the phrase, 'the people.'" Sitladeen, 64 F.4th at 985. The Court stated it reached the conclusion that § 922(g)(5)(A) is constitutional in Flores "by considering—consistent with what Bruen now requires—whether the conduct regulated by § 922(g)(5)(A) was protected by the plain text of the Second Amendment. And we determined that it was not, as unlawfully present aliens are not within the class of persons to which the phrase 'the people' refers." 64 F.4th at 985. The Eighth Circuit emphasized that "[n]othing in Bruen casts doubt on our interpretation of this phrase." Id. (citing Bruen, 142 S. Ct. at 2134 ("It is undisputed that petitioners Koch and Nash—two ordinary, law-abiding, adult citizens—are part of 'the people' whom the Second Amendment protects.")). And it added, "Indeed, Bruen 'decide[d] nothing about *who* may lawfully possess a firearm.'" Id. (quoting Bruen, 142 S. Ct. at 2157 (Alito, J., concurring)) (emphasis added in Sitladeen). Consequently, the Eighth Circuit concluded that Flores was "undisturbed by Bruen, and we therefore remain bound by it." Id. at 987.

Applying the Eighth Circuit's guidance from Sitladeen, this Court must determine if § 922(g)(8) is constitutional by, first, considering whether the conduct it regulates is protected by the plain text of the Second Amendment. Sitladeen, 64 F.4th at 985; Bruen, 142 S. Ct. at 2126. The Court concludes that the Eighth Circuit's decision in Bena answers the first question, and the answer is no.

The Eighth Circuit held in Bena, consistent with the first inquiry under Bruen's analysis, that the conduct at issue—possession of a firearm by a person subject to specific types of court orders—was not protected by the plain text of the Second Amendment. In so doing, the Court did not need to reach Bruen's second inquiry as to whether § 922(g)(8) fits within America's historical tradition of firearm regulation. Judge Colloton, writing for the Court, held that § 922(g)(8)(C)(i), which prohibits possession of firearms by persons found to represent "a credible threat to the physical safety of [an] intimate partner or child" "is consistent with a common-law tradition that the right to bear arms is limited to peaceable or virtuous citizens." Bena, 664 F.3d at 1184. He also noted that the prohibition on possession of a firearm lasts "only so long as a person is 'subject to' a qualifying court order." Id.

Judge Colloton concluded on a facial challenge that "the Second Amendment does not preclude this type of regulatory measure." Id. In reaching this conclusion, the Court did not engage in a means-ends scrutiny, as Defendant incorrectly asserts. Instead, Judge Colloton engaged in a careful historical analysis under which he examined the "pre-existing right to bear arms" as it was prior to and at the Founding period, and concluded there was a "common-law tradition that permits [firearms] restrictions directed at citizens who are not law-abiding and responsible." Id. at 1183. For these reasons, this Court concludes that Bena's holding is

10

consistent with and essentially foreshadowed Bruen. As a result, Bena is not affected by Bruen and is binding on the Court.

In Bena, the Eighth Circuit also addressed § 922(g)(8)(C)(ii). This portion of the statute "extends the prohibition on firearm possession to persons subject to a court order that merely 'prohibits the use, attempted use, or threatened use of physical force against [an] intimate partner or child that would reasonably be expected to cause bodily injury.'" Id. at 1184-85. Judge Colloton observed that the statute's "plain language may permit restriction even where there has been no judicial finding of dangerousness." Id. at 1185. The Eighth Circuit declined to consider whether this section "would be constitutional as applied to a person who is subject to an order that was entered without evidence of dangerousness," because Bena made only a facial challenge to the statute and the state court order in his case made a specific finding that he posed a threat to the safety of another. Id.

In this case, the Indictment states that Defendant was "subject to a court order that . . . by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner[.]" (ECF No. 1.) As such, Defendant appears to be charged under § 922(g)(8)(C)(ii). The state court Order of Protection under which Defendant is the Respondent includes specific findings that he "represents a credible threat to the safety of the Petitioner," and "poses a serious danger to the physical or mental health or Petitioner or of a minor household member of Petitioner." (ECF No. 45-1 at 1, 2.) Thus, the state court made a specific finding that Defendant posed a threat to the safety of another.[1] It also directed that "Respondent **shall not** use, attempt to use, or threaten to use physical force against Petitioner that would reasonably

---

[1] Because the Order of Protection included a specific finding that Defendant represented a credible threat to the Petitioner's safety, it appears he could also have been charged under 18 U.S.C. § 922(g)(8)(C)(i).

11

cause bodily injury." (Id.) And the Order of Protection was effective for a limited period of one year, and expired on December 12, 2022. (Id. at 1.)

The Court concludes that this case is controlled by Bena's holding and reasoning. Although Defendant appears to be charged under § 922(g)(8)(C)(ii) only, his case is otherwise analogous to the defendant in Bena, because Defendant makes only a facial challenge to § 922(g)(8) and the state Order of Protection made a specific finding that he posed a threat to the safety of another. Therefore, Defendant's challenge that § 922(g)(8) facially violates the Second Amendment fails under Bena and his first objection is overruled.

B. Defendant's As-Applied Challenge is Premature

Defendant also objects that the Magistrate Judge erred in concluding that his as-applied challenge is premature because it raises fact issues inappropriate for pretrial resolution. As stated above, Defendant argues that "if the Court holds that § 922(g)(8) is facially constitutional, it can and should rule on [his] as-applied challenge now without waiting for trial." (ECF No. 39 at 10.) Defendant's argument is based on the premise that "there is no practical difference between" facial and as-applied challenges "when it comes to the Second Amendment." (Id.) This premise finds no support in Bruen, however. As the Eighth Circuit has explained, Bruen requires a two-part analysis, and "decide[d] nothing about *who* may lawfully possess a firearm." Sitladeen, 64 F.4th at 985 (quoting Bruen, 142 S. Ct. at 2157 (Alito, J., concurring)). Defendant's argument ignores the first step of Bruen's analysis, and this is why it fails.

The Court agrees with Judge Bodenhausen that to the extent Defendant contends he did not receive actual notice of the hearing on the Order of Protection and thus did not have an opportunity to participate, see 18 U.S.C. § 922(g)(8)(A), or that the Order of Protection is not

12

legitimate, these are issues that must be explored at trial and then raised by appropriate motion. Defendant's second objection is overruled.

**Conclusion**

For the foregoing reasons, Defendant's objections are overruled. The Court will adopt the Magistrate Judge's well-reasoned Report and Recommendation, deny Defendant's facial challenge to 18 U.S.C. § 922(g)(8), and deny without prejudice Defendant's as-applied challenge to the statute.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge dated March 28, 2023, is **sustained, adopted** and **incorporated** herein. (ECF No. 46)

**IT IS FURTHER ORDERED** that Defendant Allen Robinson's Motion to Dismiss the Indictment (ECF No. 38) is **DENIED** to the extent it asserts that 18 U.S.C. § 922(g)(8) is facially unconstitutional under the Second Amendment.

**IT IS FURTHER ORDERED** that Defendant Allen Robinson's Motion to Dismiss the Indictment (ECF No. 38) is **DENIED without prejudice** to the extent it asserts that 18 U.S.C. § 922(g)(8) is unconstitutional under the Second Amendment as applied to him.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>1st</u> day of May, 2023.